United States Courts
Southern District of Texas
FILED

NOV 23 2026

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**TASHA D. GRISSETT, PA-C,**
Plaintiff,

v.

**ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the United States Department of Health and Human Services,**
Defendant.

**Civil Action No.**

__________

**COMPLAINT FOR JUDICIAL REVIEW OF MAXIMUM TEN-YEAR RE-ENROLLMENT BAR AND REQUEST FOR EQUITABLE TOLLING, VACATUR, AND REMAND**

Plaintiff Tasha D. Grissett, PA-C, proceeding pro se, brings this action for judicial review of final administrative action by the Secretary of the United States Department of Health and Human Services. The principal agency action Plaintiff disputes is CMS's imposition of the maximum ten-year Medicare re-enrollment bar without an individualized, reasoned justification. Plaintiff does not ask the Court to set aside the underlying finding that a regulatory basis for revocation existed. She asks the Court to equitably toll the period for judicial review, vacate the procedural dismissal that prevented merits review, and remand for lawful review of the ten-year penalty, with instructions that CMS provide an individualized determination or impose a proportionate three-year bar calculated from the original 2020 effective dates.

## I. PARTIES

**1.** Plaintiff Tasha D. Grissett, PA-C, is an individual residing in Montgomery County, Texas. Her address is 3638 Sage Hollow Drive, Spring, Texas 77386.

**2.** Defendant Robert F. Kennedy, Jr. is the Secretary of the United States Department of Health and Human Services and is sued solely in his official capacity. The Secretary is responsible for final agency actions involving Medicare enrollment appeals through the Departmental Appeals Board.

## II. JURISDICTION AND VENUE

**3.** This action seeks judicial review of final agency action under sections 205(g) and 1866(j)(8) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1395cc(j)(8), together with the Medicare enrollment appeal regulations in 42 C.F.R. Part 498.

**4.** The Departmental Appeals Board dismissed Plaintiff's request for review on September 1, 2026, and denied reconsideration and all other requested relief on November 13, 2026. No further

administrative review is available. Those rulings constitute the Secretary's final administrative action for purposes of this case.

**5.** The 60-day filing requirement in 42 U.S.C. § 405(g) is a statute of limitations rather than a jurisdictional bar and may be equitably tolled in appropriate circumstances. Bowen v. City of New York, 476 U.S. 467, 478–80 (1986).

**6.** Venue is proper in the Southern District of Texas under 42 U.S.C. § 405(g) because Plaintiff resides in Montgomery County, Texas. Montgomery County is assigned to the Houston Division.

## III. ADMINISTRATIVE PROCEEDINGS

**7.** CMS revoked Plaintiff's Medicare enrollment and billing privileges based on an alleged failure to maintain and produce records related to durable medical equipment orders. The revocations became effective September 30, 2020, for Georgia and October 1, 2020, for Texas.

**8.** CMS imposed the maximum ten-year re-enrollment bar. The bar was not based on an adjudicated finding that Plaintiff committed healthcare fraud, intentionally ordered medically unnecessary equipment, harmed a beneficiary, received improper Medicare payments, was criminally prosecuted, or was excluded by the Office of Inspector General.

**9.** Plaintiff sought administrative review. The matter was assigned Civil Remedies Division Docket No. C-21-494.

**10.** On October 4, 2024, an Administrative Law Judge issued Decision No. CR6549. The ALJ upheld the existence of a regulatory basis for revocation but strongly questioned CMS's justification for imposing the maximum ten-year re-enrollment bar.

**11.** The ALJ found that CMS did not meaningfully explain why Plaintiff's circumstances warranted the maximum period, questioned CMS's reliance on boilerplate language, and observed that Plaintiff's account was at least as reasonable as CMS's implication of improper conduct. The ALJ stated that he lacked authority to reduce the re-enrollment bar and encouraged CMS to consider a shorter period or provide a meaningful explanation.

**12.** Plaintiff did not receive the October 4, 2024 ALJ Decision by mail at her residence and did not receive an email notification alerting her that the decision had been uploaded to DAB E-File. She first discovered the decision online in August 2026.

**13.** After discovering the decision, Plaintiff promptly sought Board review. The appeal was assigned Board Docket No. A-26-86.

**14. On September 1, 2026, the Board dismissed Plaintiff's request for review as untimely and determined that she had not established good cause for an extension. The dismissal prevented substantive Board review of the ALJ Decision and the ten-year re-enrollment bar. A true and correct copy of the September 1, 2026 ruling is attached as Exhibit B.**

**15.** Plaintiff promptly requested reconsideration and reopening. That proceeding was assigned Board Docket No. A-27-1.

16. **On November 13, 2026, the Board denied reconsideration and all other requested relief. The Board reasoned that Plaintiff had a duty to continue monitoring DAB E-File even if she did not receive an email notification and emphasized that she had stopped checking the electronic docket by 2023. A true and correct copy of the November 13, 2026 ruling is attached as Exhibit C.**

17. On November 13, 2026, Plaintiff also requested that the Board extend her time to seek judicial review to 60 days after receipt of the reconsideration ruling pursuant to 42 C.F.R. § 498.95(c). Plaintiff files this action promptly to preserve her judicial-review rights and does not rely on the extension request to suspend any filing deadline.

## IV. FACTS SUPPORTING EQUITABLE TOLLING

18. Plaintiff diligently participated in the administrative proceedings. She requested a hearing, timely submitted her pre-hearing exchange, and sought an expedited decision in 2021.

19. Plaintiff did not knowingly abandon her appeal rights. She had every reason to seek review because the ten-year bar substantially affects her profession, livelihood, and ability to participate in Medicare.

20. Plaintiff did not receive actual notice of the October 4, 2024 ALJ Decision or the associated 60-day Board-appeal deadline. Her lack of notice occurred against a documented history of important agency correspondence being sent to outdated or incorrect addresses.

21. Plaintiff filed her request for Board review within weeks after finding the ALJ Decision online in August 2026. She promptly sought reconsideration after the Board dismissed that request on September 1, 2026.

22. Plaintiff reasonably awaited the Board's ruling on reconsideration because reopening, acceptance of the administrative appeal, or remand could have eliminated or materially changed the need for federal litigation.

23. Plaintiff is not an attorney. She did not understand that a separate request to extend the judicial-review deadline was necessary while reconsideration remained pending. She does not rely on her pro se status alone but on the combined circumstances of absent actual notice, diligent action after discovery, prompt reconsideration, continued pursuit of relief, and substantial prejudice.

24. Plaintiff submitted her request for an extension on the same day the Board denied reconsideration and is filing this civil action without waiting for the Board to decide that extension request.

25. Allowing judicial review will not unfairly prejudice the Secretary. The administrative record is complete, the relevant rulings are final, and the issues are defined. Refusing review would leave Plaintiff subject to the maximum ten-year professional penalty without substantive Board review.

## V. COUNT ONE EQUITABLE TOLLING AND REVIEW OF PROCEDURAL DISMISSAL

26. Plaintiff incorporates paragraphs 1 through 25.

**27.** The Board's dismissal and reconsideration ruling are final agency actions subject to judicial review under 42 U.S.C. §§ 405(g) and 1395cc(j)(8).

**28.** The Court should equitably toll the period for judicial review because Plaintiff acted diligently after learning of the ALJ Decision and extraordinary notice and procedural circumstances prevented timely merits review.

**29.** The Board's refusal to find good cause rested principally on Plaintiff's failure to continuously monitor DAB E-File despite the absence of an email notification. Plaintiff respectfully contends that applying that requirement under these circumstances deprived her of a meaningful opportunity to obtain administrative review.

**30.** The reconsideration ruling also relied on authorities involving exclusions from federal healthcare programs and cited the discovery provisions of 42 C.F.R. § 1005.7, although Plaintiff's matter is a Medicare enrollment proceeding governed by 42 C.F.R. Part 498. Plaintiff contends that the Board did not adequately address whether those authorities properly controlled her request.

**31.** Because the Board dismissed the appeal as untimely, it never reviewed Plaintiff's substantive challenges to the maximum ten-year re-enrollment bar, including CMS's alleged failure to provide an individualized justification and the absence of an adjudicated finding of fraud, intentional wrongdoing, beneficiary harm, criminal conduct, or improper payment to Plaintiff.

**32.** Plaintiff respectfully requests that the Court equitably toll the judicial-review period, vacate the Board's dismissal and reconsideration ruling, and remand the matter for substantive administrative review of the maximum ten-year re-enrollment bar.

## VI. COUNT TWO REVIEW OF THE MAXIMUM TEN-YEAR RE-ENROLLMENT BAR

**33.** Plaintiff incorporates paragraphs 1 through 32.

**34.** Plaintiff challenges the length of the re-enrollment bar, not the underlying determination that CMS possessed a regulatory basis to revoke her enrollment under 42 C.F.R. § 424.535(a)(10).

**35.** When CMS expanded the maximum default re-enrollment bar from three years to ten years, it represented that ten-year periods would generally be restricted to serious behavior, particularly improper or fraudulent conduct, and imposed only after careful consideration of the relevant factors. See 84 Fed. Reg. 47,794, 47,826–27 (Sept. 10, 2019).

**36.** The ALJ found that the administrative record did not document such careful consideration in Plaintiff's case. The ALJ further found that CMS and its contractors did not explain how the failure to produce records for a limited number of beneficiaries constituted serious or particularly improper conduct warranting the maximum period.

**37.** The ALJ observed that the reconsidered determination merely counted 20 beneficiaries as separate acts, inferred medically unnecessary ordering from missing documentation and claims data, and did not explain why CMS selected the maximum one-year period for each beneficiary.

**38.** The ALJ further observed that the same hearing officer used materially identical boilerplate language in other failure-to-produce-records cases, undermining CMS's representation that it would individually and carefully assess whether the maximum period was warranted.

**39.** The record contains no adjudicated finding that Plaintiff committed healthcare fraud, knowingly ordered medically unnecessary equipment, harmed a beneficiary, received an improper payment, engaged in criminal wrongdoing, or was excluded by the Office of Inspector General.

**40.** CMS's selection of the maximum ten-year bar, without a reasoned connection between the established facts and the penalty chosen, was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, and inconsistent with the standards CMS announced when it expanded the maximum period.

**41.** A three-year re-enrollment bar calculated from the September 30 and October 1, 2020 effective dates would have expired in 2023. Plaintiff has already remained barred for more than six years, substantially exceeding that proportionate period.

**42.** The ALJ lacked authority to review or reduce the length of the bar and expressly identified federal district court as the forum capable of considering the equitable arguments he could not resolve. Plaintiff therefore requests vacatur and remand for a genuine individualized assessment and reasoned explanation, with consideration of a three-year period measured from the original effective dates.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

**A.** Accept this action as timely or equitably toll the applicable period for judicial review;

**B.** Review the final administrative actions reflected in the Board's September 1, 2026 dismissal and November 13, 2026 reconsideration ruling;

**C.** Vacate the Board's dismissal and reconsideration ruling and remand with instructions to permit substantive review of Plaintiff's challenge to the maximum ten-year re-enrollment bar;

**D.** Declare that the existing record does not contain an adequate individualized, reasoned justification for selecting the maximum ten-year re-enrollment bar;

**E.** Vacate the ten-year re-enrollment-bar determination and remand to the Secretary or CMS for an individualized and reasoned determination, including consideration of a three-year period calculated from the original September 30 and October 1, 2020 effective dates;

**F.** Alternatively, to the extent within the Court's authority, order that the re-enrollment bar be reduced to three years from the original effective dates and recognize that the period has been fully satisfied;

**G.** Declare that Plaintiff has exhausted all administrative remedies available to her;

**H.** Award Plaintiff any recoverable costs and any other relief the Court determines to be lawful and appropriate.

Respectfully submitted,

/s/ Tasha D. Grissett

Tasha D. Grissett, PA-C

Plaintiff, Pro Se

3638 Sage Hollow Drive

Spring, Texas 77386

Telephone: (770) 687-6278

Email: grissetttasha@yahoo.com

Date: November 13, 2026

## VERIFICATION

I, Tasha D. Grissett, declare under penalty of perjury under 28 U.S.C. § 1746 that the factual statements in this Complaint concerning my actions, knowledge, receipt or nonreceipt of administrative decisions and notices, and discovery of the ALJ Decision are true and correct to the best of my knowledge.

Executed on November 13, 2026, in Spring, Texas.

/s/ Tasha D. Grissett

Tasha D. Grissett, PA-C

November 13, 2026

Nathan Ochsner, Clerk of Court
United States District Court
Southern District of Texas, Houston Division
P.O. Box 61010
Houston, Texas 77208

**Re:** New Pro Se Civil Action — Tasha D. Grissett v. Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services

Dear Clerk of Court:

Please file the enclosed complaint as a new civil action in the Houston Division. I reside in Montgomery County, Texas. This action seeks judicial review of final agency action concerning the maximum ten-year Medicare re-enrollment bar imposed against me.

Enclosed, in filing order, are:

- Original signed Complaint, with Exhibit A (ALJ Decision No. CR6549);
- Exhibit B (September 1, 2026 Board ruling dismissing the request for review);
- Exhibit C (November 13, 2026 Board ruling denying reconsideration);
- Civil Cover Sheet, Form JS-44;
- Four summons forms: Secretary of HHS, HHS service copy, U.S. Attorney service copy, and Attorney General service copy;
- Cashier's check or money order for $405.00 payable to Clerk, United States District Court; and
- One complete court copy, one additional complete copy, and a self-addressed, stamped envelope for return of a file-stamped copy.

Please issue the summons and return the issued copies in the enclosed self-addressed, stamped envelope. Please also return a file-stamped copy of the complaint. If any additional item is required to open this action, please contact me at (770) 687-6278 or grissetttasha@yahoo.com.

Respectfully submitted,

Tasha D. Grissett PA-C

Tasha D. Grissett, PA-C, Pro Se
3638 Sage Hollow Drive
Spring, Texas 77386
Telephone: (770) 687-6278
Email: grissetttasha@yahoo.com